IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| STACEY DeGRAW, AS MOTHER AND NEXT FRIEND OF ELIZABETH STACEY CZAPLICKI, A MINOR | * * |
| Plaintiff, | *    Civil Action No. S-02-CV-2862 |
| v. | * |
| LEONARD E. MOODISPAW, TRUSTEE OF THE EDWARD JOSEPH CZAPLICKI IRREVOCABLE INSURANCE TRUST | * * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND IN SUPPORT OF DEFENDANT'S
<u>CROSS MOTION FOR SUMMARY JUDGMENT</u>**

Defendant Leonard E. Moodispaw, by his undersigned counsel, in opposition to Plaintiff's Motion for Summary Judgment and in support of Defendant's Cross-Motion for Summary Judgment, states:

**Facts**

This matter arises out of a dispute regarding to whom Edward Joseph Czaplicki's ("Czaplicki") life insurance proceeds should be paid. Plaintiff Stacey DeGraw ("DeGraw") contends that it should be paid to her as guardian of her daughter. Defendant Leonard E. Moodispaw ("Moodispaw"), as trustee of the Edward Joseph Czaplicki Irrevocable Insurance Trust (the "Trust"), contends that it should be paid to the Trust.

Czaplicki married DeGraw in April 1990. In 1997, Czaplicki purchased life insurance (the "Insurance") pursuant to the Federal Employees Group Life Insurance Act ("FEGLIA"). Czaplicki's Life Insurance Election is attached hereto as **Exhibit A**.

Later in 1997, Czaplicki divorced DeGraw, and the Maryland Circuit Court for Baltimore County entered a Divorce Decree that incorporated the parties' Settlement Agreement. The Divorce Decree and incorporated Settlement Agreement (collectively the "Divorce Decree") are attached to Plaintiff's Motion for Summary Judgment as *Exhibit 1*.

The Divorce Decree required Czaplicki:

> Either through life insurance beneficiary designations, trust provisions, or in his Will, [to] provide a fund of not less than One Hundred Twenty Thousand Dollars ($120,000) for the Child to be used for the support, maintenance, and education of each Child, in the event of [his] death. The said fund shall be administered by [DeGraw] and, if [Czaplicki] so desires, another party as trustee …. [Czaplicki's] obligation under this Paragraph shall terminate, with respect to each Child, on the date on which the Child reaches the age of Twenty-Two (22).

Czaplicki retired in 1999 and continued the Insurance. Czaplicki's Continuation of Life Insurance Coverage is attached hereto as **Exhibit B**.

In compliance with the Divorce Decree, in 2001 Czaplicki designated his daughter, Elizabeth Czaplicki ("Elizabeth") as the beneficiary of the Insurance. Czaplicki filed the Divorce Decree and the Designation of Beneficiary form with OPM. The 2001 designation of beneficiary form is attached to Plaintiff's Motion for Summary Judgment as *Exhibit 2*.

This dispute arises from a subsequent modification that Czaplicki made in March 2002, which was consistent with the terms of the Divorce Decree, through which Czaplicki provided for a trustee to assist in the administration of the insurance proceeds. A copy of The Edward Joseph Czaplicki Irrevocable Insurance Trust

document is attached to Plaintiff's Motion for Summary Judgment as *Exhibit 4*, and the 2002 change of beneficiary form is attached thereto as *Exhibit 5*. The 2002 change of beneficiary form was accepted by the Office of the Federal Employees' Group Life Insurance (the "OFEGLI"), as evidenced by OFEGLI's letter to Moodispaw dated June 5, 2002, which is attached hereto as **Exhibit C**.

Czaplicki died on May 9, 2002.

## Argument

DeGraw contends in her Motion for Summary Judgment that the March 2002 modification was ineffective because it constitutes an "attempt to change the beneficiary of the Insurance [that] was not in strict compliance with the mandatory requirements of 5 U.S.C. § 8705 and 5 C.F.R. §§ 870.801 and 870.802." DeGraw contends that this is so because 1) Elizabeth did not consent to the change in beneficiary; 2) the Divorce Decree was not modified as required by 5 C.F.R. § 870.802(i)(1)(ii); and 3) the Trust does not comply with the requirements of the Divorce Decree. Plaintiff's Motion for Summary Judgment at ¶¶ 28-30. [1]

DeGraw's position is wrong, as is her attempt to frustrate Czaplicki's intention that the Trust be administered by DeGraw in cooperation with a trustee of his choosing, as is expressly permitted and contemplated under the Divorce Decree.

## Legal Analysis

**The change in beneficiary providing for a trustee was effective because the change complied with the Court Decree on file with OPM, and because Czaplicki had authority to consent to the change on behalf of Elizabeth.**

---

[1] DeGraw also contends in her Motion for Summary Judgment that "In the alternative, Stacey DeGraw, individually, is the beneficiary, as provided in the court order, to receive and administer the policy proceeds for the benefit of Elizabeth." Plaintiff's Motion for Summary Judgment at ¶ 31. DeGraw provides no support for her contention that she should be deemed the beneficiary other than a statement that she is identified as the administrator of the fund in the Court Decree. The Court Decree says nothing at all about naming DeGraw as beneficiary, and its mere identification of her as administrator does not give her any personal right to the insurance proceeds.

Plaintiff contends that the terms of the Trust conflict with the express terms of the Court Decree, and that Czaplicki's beneficiary designation is ineffective because 1) the Court Decree requires that Plaintiff administer the fund, while the Trust gives all administrative powers solely to the trustee; and 2) Elizabeth loses the right to the funds at age 22 pursuant to the Trust, but not under the Court Decree.  Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment ("Plaintiff's Memo") at 11-12.  A simple comparison of the Trust document and the Court Decree belies Plaintiff's contention.  The Trust does not conflict with the terms of the Court Decree, and completely fulfills Czaplicki's obligations under the Court Decree.

Plaintiff reads the terms of the Court Decree with tunnel vision when she argues that "The [Court Decree] requires that the funds be administered by DeGraw." Plaintiff's Memo at 12.  The Divorce Decree authorizes Czaplicki to effectuate its objective "through life insurance designations, trust provisions or his Will."  That is precisely what he did by providing for the appointment of the trustee envisioned by the Court Decree.  Further, the Court Decree expressly provides that Czaplicki may provide that the funds be administered both by "[Plaintiff] and, if [Czaplicki] so desires, another party as trustee."  That, again, is precisely what Czaplicki did.

In accordance with the Court Decree, the terms of the Trust provide for administration of the funds by Plaintiff and Moodispaw as trustee.  The Trust requires that all payments made by the Trustee be paid directly to Plaintiff.   Trust at §§ 2.02 and 4.01.  Further, it is the Trustee's understanding that he "would work with [Plaintiff] in her capacity as administrator of the proceeds for Elizabeth, and that he would provide a balance to [Plaintiff] and ensure that the funds would be used solely for the educational and health needs of Elizabeth." Affidavit of Leonard Moodispaw at

¶ 4, attached hereto as **Exhibit D**. Further, the Trustee "would provide funds when [Plaintiff] presents appropriate documentation to support Elizabeth's needs and [he] would either reimburse [Plaintiff] or make payment directly on behalf of Elizabeth." Affidavit of Leonard Moodispaw at ¶ 5.

Plaintiff's attempt to distinguish the Court Decree from the Trust on the ground that Elizabeth loses any right to the funds at age 22 similarly fails. The Trust and the Court Decree are identical in this regard. Pursuant to the Court Decree, Czaplicki's "obligation to [provide the fund] terminate[s]…on the date that [Elizabeth] reaches the age of twenty-two." The Trust provides that fund "until [Elizabeth] reaches the age of 22 years." Trust at 2.02. Clearly, the Trust fulfills the terms of the Court Decree, and Plaintiff's argument fails.

Plaintiff attempts to gain sole control over the fund by relying upon a regulation that is inapplicable to the present situation. Plaintiff cites C.F.R. § 870.802 which states that "An insured individual may change his/her beneficiary at any time without the knowledge of the previous beneficiary." This right, however, is restricted "if a court order has been received in accordance with § 870.801(d)…."

If a Court Order has been properly filed:

> An insured individual cannot designate a different beneficiary, unless (i) The person named in the court order gives written consent for the change, or (ii) the court order is modified.

5 C.F.R. § 870.802 (i)(1) (i) and (ii).

Plaintiff argues that §§ 870.801 and 870.802, read together, render ineffective Czaplicki's modification to appoint a trustee to participate in the administration of the fund. Plaintiff is wrong for at least three reasons.

First, the Divorce Decree explicitly allowed Czaplicki to provide the fund either "through life insurance beneficiary designations, trust provisions, or Will." Therefore, a

modification of the Court Decree was not required to designate the Trust as beneficiary. The Divorce Decree explicitly provided for administration both by Plaintiff and "another party as trustee." Therefore, Czaplicki did not, by appointing a trustee, designate a "different beneficiary" than that named in the Court Decree within the meaning of 5 C.F.R. § 870.802. Because there was no need for a modification of the Court Decree, there was no need for the beneficiary's consent.

Second, the designation of the Trust as beneficiary was accepted by the Office of the Federal Employees' Group Life Insurance (the "OFEGLI"), as is evidenced by a letter from OFEGLI to Moodispaw dated June 5, 2002. The modification, therefore, is effective because the designation was in compliance with the Court Decree and was accepted by OFEGLI.

Third, Plaintiff's argument that only she could have consented to the modification because she is Elizabeth's guardian is incorrect. The modification occurred prior to Czaplicki's death, at a time when Plaintiff and Czaplicki had "joint legal custody" of Elizabeth. *See*, Settlement Agreement attached to the Court Decree at § 3.

Pursuant to Maryland law, "The parents are joint natural guardians of their minor child." Md. Code Ann., *Fam. Law*, § 5-203 (a)(1) (Supp. 2002). Czaplicki, as Elizabeth's guardian had the right to consent to the modification on Elizabeth's behalf even assuming that such consent was necessary, which it was not.

The sole case that Plaintiff cites to support her position, *Metropolitan Life Insurance Co. v. Holland*, 134 F. Supp.2d 1197 (2001), is completely distinguishable. In that case, the modification was not accepted and, therefore, never became effective.

In *Metropolitan Life Insurance*, the insured had entered into a stipulated judgment of dissolution, terminating his marriage. Subsequently, he designated his

wife as beneficiary under his FEGLI policy.  Eight years later, he attempted to change the beneficiary on his FEGLI policy; however, OPM refused to accept the change because the change was contrary to the stipulated judgment on file.  The insured died prior to filing a modified order, therefore, the Court awarded the insurance proceeds to the insured's ex-wife because there was no other designation on file.

Here, Czaplicki's designation of the Trust as beneficiary was both in compliance with the Court Decree on file with OPM and had been accepted by OFEGLI.  Thus, the defects present in *Metropolitan Life Insurance* simply do not exist here.

## Conclusion

Czaplicki was concerned that DeGraw would not administer the life insurance proceeds in Elizabeth's best interests, but would attempt to use the funds for her own purposes.  He therefore requested that Moodispaw manage the fund as trustee in conjunction with DeGraw.  Affidavit of Leonard Moodispaw at ¶ 5.  DeGraw's present insistence on sole control, despite the express provision in the Divorce Decree authorizing the Trustee's appointment, appears to confirm Czaplicki's concerns.  His appointment of the Trustee, however, should not be frustrated because it was authorized by the Divorce Decree and was property accepted by OFEGLI.

For all of the above-stated reasons, Plaintiff's Motion for Summary Judgment must be denied and Defendant's Cross-Motion granted.

_____
Peter H. Gunst
Christopher J. Marchand
Astrachan Gunst & Thomas, P.C.
20 South Charles Street
Sixth Floor
Baltimore, Maryland  21201
410.783.3542

Attorneys for Defendant