IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| STACEY DeGRAW, AS MOTHER AND NEXT FRIEND OF ELIZABETH STACEY CZAPLICKI, A MINOR | * * * |
| Plaintiff | *   Civil No. S-02-CV-2862 |
| v. | (Magistrate Judge Bredar) *  |
| LEONARD E. MOODISPAW, TRUSTEE OF THE EDWARD JOSEPH CZAPLICKI IRREVOCABLE INSURANCE TRUST | * * |
| Defendant | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S REPLY AND OPPOSITION TO
DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT**

Plaintiff, STACEY DEGRAW, as mother, guardian and next friend of ELIZABETH STACEY CZAPLICKI, a minor, by her attorney, James B. Larrimore, pursuant to FRCivP 56, and Local Rule 105, files this Reply and Opposition to the Defendant's Cross Motion for Summary Judgment, and says:

1.   The only issue is whether the change of beneficiary made by the insured to a $125,000.00 FEGLI Policy was in strict compliance with the mandatory requirements of 5 U.S.C. § 8705(e) and 5 C.F.R. §870.802(i).

2.   There are no material facts in dispute.

1

3. Paragraph 5 of the Separation Agreement incorporated into the Judgment of Absolute Divorce (the "Court Order") (Exhibit 1 to Plaintiff's Motion for Summary Judgment) provides as follows:

> Husband [i.e., the Insured] shall, either through life insurance beneficiary designations, trust provisions, or in his Will, provide a fund of not less than One Hundred Twenty Thousand Dollars ($120,000.00) for the Child [i.e., Elizabeth] to be used for the support, maintenance, and education of each Child, in the event of Husband's death. The said fund shall be administered by Wife [i.e., DeGraw] and, if Husband so desires, another party as trustee. Husband shall, upon Wife's reasonable request, provide documentary evidence of his compliance with this Paragraph. Husband's obligation under this Paragraph shall terminate, with respect to each Child, on that date on which the Child reaches the age of Twenty-Two (22). To the extent that Husband shall fail to comply with the provisions of this Paragraph, his estate shall be charged with the obligations hereinabove assumed.

4. On July 10, 2001 the Insured executed a written Designation of Beneficiary form on which he named his Elizabeth S. Czaplicki, his daughter, as the sole beneficiary of the FEGLI Policy (the "Designation of Beneficiary Form") (Exhibit 2 to Plaintiff's Motion).

5. On August 3, 2001, the Designation of Beneficiary Form was received by OPM.

6. On August 20, 2001, the Court Order was received by OPM.

7. On March 29, 2002, the Insured executed the "Edward Joseph Czaplicki Irrevocable Insurance Trust" (the "Trust Agreement"), naming Leonard E. Moodispaw as Trustee ("Trustee") of the trust thereby purported to be created (the "Trust") (Exhibit 4 to Plaintiff's Motion)

8. On March 29, 2002, the Insured executed a different Designation of Beneficiary form, naming the Trustee as beneficiary of the FEGLI Policy (the "Second Designation Form") (Exhibit 5 to Plaintiff's Motion).

9. The Second Designation Form was received by OPM on April 2, 2002.

10.     The Insured died on May 9, 2002.

## ARGUMENT

5 U.S.C. §8705(e) provides in pertinent part as follows:

(1) Any amount which would otherwise be paid to a person determined under the order of precedence named in subsection (a) shall be paid (in whole or in part) by the Office to another person if and to the extent expressly provided for in the terms of any court decree of divorce, annulment, or legal separation, or the terms of any court order or court-approved property settlement agreement incident to any court decree of divorce, annulment, or legal separation.
……….
(3) A designation under this subsection with respect to any person may not be changed except –
(A) with the written consent of such person, if received as described in paragraph (2); or
(B) by modification of the decree, order or agreement, as the case may be, if received as described in paragraph (2).

5 C.F.R. §870.802(i) provides in pertinent part as follows:

(1)     Except as provided in paragraph (i)(2) of this section, if a court order has been received in accordance with Sec. 870.801(d), an Insured individual cannot designate a different beneficiary, unless
(i) The person(s) named in the court order gives written consent for the change, or
(ii) The court order is modified.

Congress intended a literal compliance with mandatory language of the statute. *Adams v. Macy*, 314 F.Supp. 399 (D. Md. 1970).

The Designation of Beneficiary naming Elizabeth as beneficiary was in compliance with the Court Order. As so designated, upon the Insured's death before Elizabeth's 18th birthday, the FEGLI

3

Proceeds would be paid to Elizabeth's mother, Stacey DeGraw, as her Guardian, and administered by her under supervision of the Circuit Court. This is just as the Court Order provides. Under the Court Order, Elizabeth is to receive the funds, to be administered by her mother.

The Second Designation of Beneficiary was ineffective as it did not comply with the statute. Payment of the FEGLI proceeds is to be made to the person "to the extent *expressly provided for in the terms of* any court decree of divorce….". 5 U.S.C. §8705(e)(1) (emphasis added). By naming the Trustee of the Trust as the beneficiary, the Second Designation of Beneficiary has named a person different than one named in the court order to "administer" the funds. The Trust Agreement clearly vests all administration (the management, control, investment, and distribution) of the funds solely within the discretion of the Trustee, who cannot be compelled to make any disbursement or payment for any "support, maintenance or education" that Elizabeth may need. The person named in the court order to administer the funds is DeGraw. Although the Court Order did permit the Insured to use a trust as an instrument to "provide a fund" for Elizabeth's support, maintenance and education, the express terms of Trust Agreement do not provide for the administration of the FEGLI funds by DeGraw, and the Trust Agreement clearly removes all "administration" from DeGraw, and the Second Designation of Beneficiary changes the person named to receive and administer those funds.

The Second Designation of Beneficiary and the Trust Agreement further change the ultimate beneficiary of the FEGLI funds. The Trustee is vested with absolute discretion on disbursements for Elizabeth, yet, upon Elizabeth's 22d birthday, the accrued trust principal is paid out to others. The Second Designation of Beneficiary changes not just the named beneficiary from Elizabeth to the Trustee, but changes the ultimate beneficiary of the proceeds to others who are not named in the Court

Order to receive or have the benefit of the funds. If paid to the Trustee, the FEGLI proceeds will not be paid "to the extent expressly provided for in the terms of any court decree of divorce…".

DeGraw, as the person named to administer the funds, has not consented to the attempted change of beneficiary. Elizabeth, the named and ultimate beneficiary of the funds, has not consented to the change. Any such consent must be in writing, and there is none. 5 U.S.C. §8705(e)(3)(A).

The objective intent of the Insured in creating the Trust and making the change of beneficiary was to prevent DeGraw from being the person to "administer" the funds, and to remove from her any possible control over the funds. This is confirmed by the self-serving and inadmissible hearsay "wish" of the Insured to have the FEGLI proceeds be administered by the Trustee. Affidavit of Leonard E. Moodispaw, ¶2, Exhibit D to Defendant's Cross Motion. However, the subjective intentions of the Insured are clearly irrelevant to the issues of determining the lawful beneficiary of the subject FEGLI Policy, *Adams v. Macy*, 314 F.Supp. 399 (D. Md. 1970), are inadmissible, and should be disregarded as such. The Trustee further states that he intends to "ensure that the funds would be used solely for the educational and health needs of Elizabeth". Affidavit, ¶4. However, the Court Order requires that the funds be used for the broader purposes of Elizabeth's "support, maintenance and education". The Trustee's stated intention to restrict the use of the funds is further evidence that, when combined with the Trustee's sole and absolute discretion to disburse funds, the terms of Trust Agreement do not comply with the Court Order. Payment of the FEGLI proceeds to the Trustee, to be administered by him in this manner, would result in payment to a person in a manner not "expressly provided for" by the terms of the Court Order.

Any change that the Insured may make by written designation of beneficiary cannot overrule or supercede the requirement of 5 U.S.C. § 8705(e) that the proceeds be paid to the person "expressly

provided for" in the Court Order, to be administered in accordance with the Court Order. *Metropolitan Life Insurance Co. v. Holland*, 134 F. Supp.2d 1197 (D. Ore. 2001). The Designation of Beneficiary naming "Elizabeth S. Czaplicki" as the beneficiary is in accordance with the Court Order. Payment of the proceeds must be paid to DeGraw, who will receive and administer the funds as court-appointed Guardian of Elizabeth, in accordance with the Court Order. Whether the proceeds are directed to be paid to Elizabeth, pursuant to the Designation of Beneficiary, or to DeGraw, pursuant to the Court Order to be administered by her for the support, maintenance and education of Elizabeth, the funds and the administration thereof will be by DeGraw, as a court-appointed Guardian of the Property of Elizabeth. The Second Designation of Beneficiary was not made in strict compliance with the law. Payment to the Trustee would permit the proceeds to be paid to a person not named in the Court Order, to be administered by a person different than that named in the Court Order, in a manner not consistent with the Court Order, and to ultimately be paid to other persons not named in the Court Order. *Metropolitan Life Insurance Co. v. Holland*, Id. The fact that OPM accepted the Insured's Second Designation of Beneficiary for filing does not mean that the change was in compliance with the law, and in fact, Metropolitan Life Insurance Company was unable to make such a determination, thus prompting the filing of this action.Amended Complaint for Declaratory Judgment and Interpleader, ¶ 25.

The Insured's attempt to change the beneficiary of the FEGLI Policy from Elizabeth to the Trustee was not in strict compliance with the mandatory requirements of 5 U.S.C. § 8705 and 5 C.F.R. §§ 870.801 and 870.802, and is invalid, at least to the extent of the first $120,000.00 of proceeds. 5 U.S.C. § 8705(e)(1).

**WHEREFORE**, Plaintiff prays that she be granted the following relief:

A.  That the Defendant's Cross Motion for Summary Judgment be denied;

B.  That Elizabeth be declared to be the beneficiary of the FEGLI Policy;

C.  That this Court grant the Plaintiff's Motion for Summary Judgment and award Judgment in favor of DeGraw (acting in her capacity as mother and next friend of Elizabeth), and order the payment of the FEGLI proceeds to Elizabeth, upon appointment by the Circuit Court for Baltimore County of a Guardian of the Property of Elizabeth; and

D.  For such other and further relief as the nature of her cause may require.

Dated:  March _____, 2003

                                             A/s/@
_____
James B. Larrimore, Esq.
Fed. Bar No. 05731
**SERIO & HIGDON, P.A.**
Suite 110 - York Green
1300 York Road
Lutherville, Maryland 21093
(410) 828-1946;      Fax:  (410) 828-6635
e-mail:  jblarrimore@erols.com

Attorney for Plaintiff,
Stacey DeGraw, as mother and next friend of
Elizabeth Stacey Czaplicki, a minor

C/DeGraw/ SummJudg.RES
3-20-2003