IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| STACEY DeGRAW, AS MOTHER AND NEXT FRIEND OF ELIZABETH STACEY CZAPLICKI, A MINOR | * |
| Plaintiff | * |
| | *     Civil Action NO. S-02- CV-2862 |
| LEONARD E. MOODISPAW, TRUSTEE OF THE EDWARD JOSEPH CZAPLICKI IRREVOCABLE INSURANCE TRUST | * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT'S REPLY IN SUPPORT
OF CROSS MOTION FOR SUMMARY JUDGMENT**

In her opposition to the Trustee's Cross Motion for Summary Judgment, Plaintiff DeGraw concedes that the "Court Order did permit the insured to use a trust as an instrument to 'provide a fund' for [Elizabeth Czaplicki's] support, maintenance and education...." (Reply and Opposition at 4.)  Indeed, the Court Order did more than that.  Through its incorporation of the Voluntary Separation and Property Settlement Agreement ("Separation Agreement"), it expressly provided that "said fund shall be administered by Wife *and,* if the Husband so desires, another party as trustee." (Plaintiff's *Exhibit 1,* Separation Agreement at ¶ 5, emphasis added.)

That is precisely what Edward J. Czeplicki ("Husband") accomplished through the creation of the Edward Joseph Czaplicki Irrevocable Insurance Trust ("Irrevocable Trust"). He created a fund to provide for the support of Elizabeth Czaplicki ("Child"), as envisioned by the Court Order and Separation Agreement,

and identified a trustee to participate in the fund's administration, also as envisioned by the Court Order and Separation Agreement. Further, the Irrevocable Trust expressly recognized Plaintiff's administrative function, also as envisioned by the Court Order and Separation Agreement. (Plaintiff's *Exhibit 4* at §§ 1.01 and 2.02.) Thus, the terms of the Irrevocable Trust are harmonious with the terms of the Court Order and Separation Agreement, as was always intended.

It is Plaintiff, not the Trustee, who seeks to do violence to the terms of the Court Order and Separation Agreement. It is Plaintiff who now seeks to deny the trust its intended role as the funding mechanism for the Child's support, and to frustrate Husband's selection of a trustee to participate in the administrative process. It is Plaintiff, therefore, who unilaterally seeks to frustrate the terms of the Court Order and Separation Agreement.

It is incontrovertible fact that the Court Order and Separation Agreement provide for both the creation of the trust and the Trustee's role as co-administrator. That fact is fatal to Plaintiff's position, which hinges wholly upon her misinterpretation of 5 U.S.C. § 8705(e), which provides in pertinent part:

> (1) Any amount which would otherwise be paid to a person determined under the order of precedence named in subsection (a) shall be paid in whole or in part by the Office to another person if and to the extent expressly provided for in the terms of any court decree of divorce, annulment, or legal separation, or the terms of any court order or court-approved property settlement agreement incident to any court decree of divorce, annulment, or legal separation.
>
> \* \* \*
>
> (3) A designation under the subsection with respect to any person may not be changed except –
>
> (a) With the written consent of such person, …; or

>   (b) By modification of the decree, order or agreement, as the case may be, if received as described in paragraph (2).

Plaintiff's attempt to use the statute to thwart Husband's designation of the trust and selection of the Trustee must fail for at least two reasons. First, the statute simply provides that the beneficiary designation must be consistent with any applicable court decree or separation agreement. As shown above, that requirement is satisfied here because the terms of the Irrevocable Trust are in accordance with those of the Court Order and Separation Agreement. It is Plaintiff who now wrongfully seeks to abridge drastically the rights granted to Husband under the terms of the Court Order and Separation Agreement.

Second, the statute only requires payment "to another person" than that designated by the decedent as his beneficiary "if and to the extent *expressly* provided for in the terms of" a court decree or settlement agreement. 5 U.S.C. § 8705(e)(1) (emphasis provided). Here, the Court Order and Separation Agreement do not expressly require the designation of *any* person as beneficiary. Rather, they require only the creation of a funding mechanism. Nowhere do they mandate that the trust be funded through the insurance policy at issue, much less do they require that the Child be designated as a direct beneficiary.

Because the Court Order and Separation Agreement do not mandate designation of the Child as a direct beneficiary, the Child does not qualify as "another person" to whom payment of the insurance proceeds has been "expressly provided for" by the Court Order and Separation Agreement. No designation of beneficiary is "expressly provided for" in the Court Order and Separation

Agreement, so that no conflict arises between the requirements of the statute and the testator's designation of the Irrevocable Trust as beneficiary.

All that the Court Order and Separation Agreement require is the creation of a fund through a trust -- if Husband so desires -- in order to support the Child until she reaches the age of twenty-two. This exactly what Husband did.  His action cannot be assailed, both because it was consistent with the terms of the Court Order and Separation Agreement and because those documents nowhere "expressly provided for" the designation of "another person" as a direct beneficiary.

Plaintiff's contention that the Trustee's intended use of funds is different from that established by the Court Order and Separation Agreement is likewise without merit.  The Separation Agreement provides that the funds are to be used "for the support, maintenance and education of each Child in the event of the Husband's death." (*Exhibit 1*, Separation Agreement at ¶ 5.)  The Insurance Trust likewise provides that the funds are to be used for "the support, health, education … and maintenance" of the Child.  (*Exhibit 4* at § 2.02.)   There is no difference between the two, and the Trustee is bound to observe and will observe all of the trust provisions.

Plaintiff's further contention that Husband's designation was somehow wrongful because it "changes the ultimate beneficiary of the proceeds to others who are not named in the Court Order to receive or have the benefit of the funds" (Reply and Opposition at 4-5) is likewise without merit.  The Court Order and Separation Agreement are entirely silent as to the ultimate beneficiary of whatever remains of the trust corpus following the Child's twenty-second birthday. (*Exhibit 1,* Separation Agreement at ¶5.) Rather, the Separation Agreement expressly limits

the Husband's obligation to provide support, maintenance and education to a period ending on the Child's twenty-second birthday. Thus, the Irrevocable Trust in no sense changes or is inconsistent with the terms of the Order and Separation Agreement.

Plaintiff's further assertion that "[p]ayment to the Trustee would permit the proceeds to be paid to a person not named in the Court Order" (Reply and Opposition at 6) is also contrary to fact. As shown above, the Separation Agreement expressly envisions the creation of a trust to fulfill the obligation to the Child. Creating a mechanism to fund that support obligation is, therefore, not contrary to the terms of the Court Order or Separation Agreement, but is expressly envisioned by that agreement. Moreover, neither the Court Order nor the Separation Agreement even mentions the insurance proceeds, much less requires their payment to the Child or anyone else.

Finally, Plaintiff's Reply and Opposition fails even to address the Trustee's alternative argument that Husband, as guardian to the Child during his lifetime, had the right to consent to the modification on the Child's behalf even assuming that such consent was necessary, which it was not. Presumably, Plaintiff does not respond to this argument because it has no response to make.

For all of the reasons stated above, Plaintiff's Motion for Summary Judgment should be denied and the Trustee's Cross Motion should be granted.

Respectfully submitted,

_____
Peter H. Gunst
Christopher J. Marchand
Astrachan Gunst Thomas & Ahn, P.C.
20 S. Charles Street
Sixth Floor
Baltimore, Maryland  21201
410-783-3542

Attorneys for the Trustee